COBLEIGH, *Adm'r*,   *v.*   CROSS *& a.*

BILL IN EQUITY, for the construction of the following paragraph in the will of Mary N. Cross: "Second. All the rest, residue, and remainder of my estate, both real and personal of every description, I give, bequeath, and devise to my husband, Joseph Cross, of said Lebanon, he to have the use of during life and to have so much of the principal as he shall need for his comfortable support and maintenance, provided that my said husband shall also provide a home and suitable maintenance to Sarah W. Baker during her life from my said estate, remainder over after the decease of my said husband Joseph Cross and said Sarah W. Baker, to my son Frank G. Cross and to his heirs and assigns forever." Joseph is dead and Sarah survives.

Transferred without a ruling from the October term, 1907, of the superior court by *Stone*, J.

*Marshall D. Cobleigh, pro se.*

Beneficiaries default.

PEASLEE, J.   The testatrix intended that Sarah should be provided "a home and suitable maintenance" during her life from the estate.   The fact that the remainder over is not to take effect until after the death of Sarah is satisfactory proof that the testatrix did not intend that Sarah's support should be cut off by the death of the widower Joseph during Sarah's life.

As the testatrix intended to preserve the principal of her estate as far as possible, the payments to Sarah should be made from the income, so far as it is sufficient for her support according to her station in life, leaving the principal intact except in so far as it may be needed to make up deficiencies in the income to satisfy the charge for Sarah's support and maintenance.

*Case discharged.*

All concurred.